LA FIRMA LEGAL WOODS & WOODS
Demandante-Recurrida

v.

LILLIANE UNANUE
Demandada-Peticionaria

Núm. KLCE-96-00002

San Juan, Puerto Rico, a 7 de febrero de 1996

Panel integrado por su presidenta, la Juez Alfonso de Cumpiano
y los Jueces Broco Oliveras y Miranda De Hostos

Alfonso de Cumpiano, Juez Ponente

### TEXTO COMPLETO DE LA RESOLUCION

Mediante recurso de *certiorari* presentado el 2 de enero de 1996 la peticionaria, Sra. Lilliane Unanue, nos solicita la revocación de la Resolución dictada el 28 de noviembre de 1995 por el Tribunal de Primera Instancia, Sala Superior de San Juan, declarando sin lugar una moción de desestimación y solicitud de sentencia sumaria en un caso de cobro de honorarios de abogado.

Sostiene la peticionaria que el tribunal recurrido erró al no desestimar la acción toda vez que carece de jurisdicción sobre la materia debido a que la Corte de Quiebras de los Estados Unidos para Puerto Rico (Corte de Quiebras) posee jurisdicción exclusiva para entender en las controversias sobre

honorarios de abogado que surgen en los procedimientos de quiebra.

Además alega que erró al no concluir que la deuda no es líquida y exigible, puesto que competía al aludido foro federal determinar la cuantía.

Examinados los hechos relativos a los procedimientos ante la Corte de Quiebras y la sentencia recurrida, a la luz del derecho aplicable, entendemos que no se cometieron los errores alegados y, por ende, no procede la expedición del recurso.

## I

Los hechos pertinentes, según surgen de los documentos sometidos por la peticionaria, son los siguientes. La recurrida, firma legal Woods & Woods, (Woods & Woods), representó al Sr. Charles Unanue ante la Corte de Quiebras, la cual aceptó dicha representación. En la orden aprobando la representación legal, se indicó que el pago de honorarios y gastos estaban sujetos a notificación y aprobación por la corte. Días más tarde Woods & Woods renunció a la representación legal.

Woods & Woods presentó en el Tribunal de Primera Instancia, Sala Superior de San Juan, una demanda en cobro de honorarios de abogado, por la cantidad de $72,297.15, contra la señora Unanue como fiadora por los servicios profesionales prestados a su esposo, señor Unanue, en el caso de quiebra. ■

Luego de varios trámites procesales, la señora Unanue presentó moción de desestimación o sentencia sumaria bajo el fundamento de que el Tribunal de Primera Instancia carece de jurisdicción sobre la materia, por corresponder a la Corte de Quiebras entender en lo relativo a honorarios de abogado en procedimientos ante dicha Corte. Además, que Woods & Woods no ha cumplido con las disposiciones del código y el reglamento de quiebras, por lo que la deuda alegadamente incurrida por ella o su esposo no es líquida ni exigible.

Woods & Woods, por su parte, se opuso a la solicitud de desestimación y sentencia sumaria bajo el argumento de que demandó a la señora Unanue en calidad de fiadora solidaria de su esposo. Argumentó que la acción en cobro de dinero contra el fiador de una persona que está sometida a la protección de la ley de quiebras, constituye un procedimiento en el cual los tribunales de los estados tienen jurisdicción concurrente con la Corte de Quiebras.

Posteriormente, la petición de quiebra del señor Unanue fue desetimada por la Corte de Quiebras.

Mediante resolución debidamente fundamentada, el Tribunal de Primera Instancia declaró sin lugar la moción de desestimación o sentencia sumaria. Consideró el efecto de la desestimación de una acción de quiebra, como medió en el caso del señor Unanue, frente a una solicitud de honorarios de abogado. Concluyó que, conforme la ley de quiebras y la orden de desestimación de la acción instada por el señor Unanue, sin que la Corte de Quiebras se reservara expresamente jurisdicción, es válida la jurisdicción del Tribunal de Primera Instancia para determinar si la señora Unanue se constituyó en fiadora solidaria en relación con los honorarios de abogado, y de ser así, la cuantía de la deuda.

Veamos los fundamentos por los cuales no procede la expedición de este recurso.

## II

Los foros judiciales en Puerto Rico son de jurisdicción general. Como tal, tienen autoridad para resolver cualquier causa de acción que presente una controversia justiciable. No obstante, un tribunal estaría privado de su autoridad para entender en un asunto en particular únicamente si así se ha dispuesto expresamente en algún estatuto o que ello surja del mismo por implicación necesaria. ■
*Junta Dir. Cond. Montebello v. Fernández,* 137 D.P.R. (1994); **94 J.T.S. 80,** pág. 12001.

Conforme el anterior principio, la Regla 10.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone para la desestimación de una demanda cuando el tribunal carece de jurisdicción sobre la materia. Sobre el particular es norma en nuestro país que la falta de jurisdicción no puede ser subsanada, ni el tribunal puede arrogársela, teniendo los tribunales apelativos el deber de examinar su propia jurisdicción así como la del tribunal recurrido. *Vázquez v. A.R.P.E.,* 129 D.P.R. (1991); **91 J.T.S. 53,**

pág. 8661.

## III

Teniendo en cuenta lo anterior, el análisis de la legislación federal aplicable refleja que el Tribunal de Primera Instancia no está impedido de juzgar la controversia.

Es cierto que, como señala la peticionaria, los procedimientos ante la Corte de Quiebras son regulados y supervisados bajo disposiciones legales y reglamentarias específicas. En lo que a la contratación de servicios legales se refiere, el Código Federal de Quiebras requiere que ello se autorice por la Corte de Quiebras. 11 U.S.C. sec. 327. así se autorizó a Woods & Woods en el caso del señor Unanue ante el foro federal.

Dicho Código y Reglamento Federal de Quiebras contienen disposiciones sobre la solicitud de honorarios de abogado y lo que ésta debe contener, cuando se trate de casos de quiebras. 11 U.S.C.A. sec. 329; 11 U.S.C.A. R.2014; R.2016; R.2017.

No obstante, debemos tener presente que estamos frente a una petición de quiebras que fue desestimada. Siendo así, procede considerar el efecto de ello en la solicitud de honorarios de abogado y en la jurisdicción de nuestros tribunales, tal cual se analizó en la resolución recurrida.

El Código de Quiebras en la parte pertinente de su disposición sobre el efecto de la desestimación, dispone:

*"(b) Unless the court, for cause, orders otherwise, a dismissal of a case other than under section 742 of this title*

*(1) reinstates...*

*(2) vacates...*

*(3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title."*

11 U.S.C.A. sec. 349(b)(3).

Dicha disposición no provee para la jurisdicción de la Corte de Quiebras, en un caso que ha sido desestimado. El ejercicio de ésta es discrecional. El tratadista Collier expresa al respecto lo siguiente:

*"As a general rule, dismissal of a bankruptcy case results in dismissal of pending adversary proceedings, although many bankruptcy courts have retained jurisdiction over adversary proceedings for "cause shown" under section 349(b), as well as in other specific situations. However, the courts have refused to extend the reinstatement effect of section 349(b) beyond its expressly enumerated provisions".* (citas omitidas)

William M. Collier, *Collier on Bankruptcy* 15 Ed., New York, Matthew Bender, sec. 349.03, 1993, págs. 349-11 - 349-12.

Como surge de lo antes expuesto y de los casos citados por dicho tratadista, lo esencial es que la orden de desestimación expresamente provea para la retención de jurisdicción.

Las cortes de quiebras han atendido situaciones relacionadas con el pago de honorarios de abogado en los casos de desestimación en que el tribunal específicamente ha retenido jurisdicción sobre el asunto o la petición de honorarios ha sido aprobada con anterioridad a la desestimación. ■ *In re: M.O.D. Inc.,* 170 Bankr. 465, 466 (Bankr. M.D. Ala. 1994); *In re: Lawson,* 156 Bankr. 43, 46 (Bankr. 9th Cir. 1993); *In the Matter of Taladis,* 95 Bankr. 108, 109 (Bankr. S.D. Iowa. 1989); *In the Matter of Mandalay Shores,* 60 Bankr. 22, 23 (sankr. M.D. Fla. 1986).

Aplicando lo anterior a nuestro caso, mediante orden de 12 de septiembre de 1995 la Corte de

Quiebras desestimó el caso *In re: Ulpiano Unanue-Casals a/k/a Charles Unanue,* 90 D 04490 (sek). En dicha orden, la Corte de Quiebras sólo se reservó jurisdicción para disponer de los fondos depositados en el tribunal. No surge que la corte haya aprobado solicitud de honorarios con anterioridad a la desestimación. En consecuencia, no erró el tribunal recurrido al determinar que la Corte de Quiebras no se reservó jurisdicción para atender el asunto, y que el Tribunal de Primera Instancia tiene jurisdicción para resolver lo referente al carácter de la fiadora, y la cuantía envuelta, si alguna.

En consecuencia de lo antes expuesto, es improcedente el señalamiento de la peticionaria en cuanto a que la exigibilidad o liquidez de la deuda depende de que la Corte de Quiebras pase juicio sobre la razonabilidad de los honorarios. Teniendo jurisdicción el tribunal recurrido, corresponde a éste hacer dicha determinación.

## IV

En virtud de todo lo anterior, se deniega la expedición del recurso.

Lo acordó el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

### ESCOLIOS 96 DTA 79

**1.** Surge de los autos que no existe sociedad de gananciales entre los esposos Unanue. Ap. del recurso, pág. 22.

**2.** No es correcta, pues, la argumentación de la peticionaria implicando que el Tribunal de Primera Instancia está impedido de decidir la jurisdicción de la Corte de Quiebras, toda vez que el tribunal recurrido examinó y dictaminó sobre su propia jurisdicción. Ello es un ejercicio legítimo de las facultades de nuestros tribunales.

**3.** La peticionaria cita a *In re: Siesta Sands,* 86 Bankr. 725 (Bankr. M.D. Fla. 1988), como autoridad para sostener que las Cortes de Quiebras poseen jurisdicción exclusiva para adjudicar las controversias sobre honorarios de abogados. Sin embargo, en *In re: Siesta Sands,* la Corte de Quiebras denegó una moción solicitando se paralizasen los procedimientos hasta que un tribunal estatal resolviera una acción civil sobre el cobro de los honorarios de abogado. Fundamentó su dictamen en que la Corte de Quiebras había dejado sin efecto la orden autorizando los honorarios y había señalado una vista sobre el asunto, por lo que no podía delegar su jurisdicción al tribunal estatal. Dicha situación se diferencia del caso de autos debido a que, como señaláramos, en este caso la Corte de Quiebras no pasó juicio ni actuó sobre la solicitud de honorarios, ni se reservó jurisdicción para atender el asunto.